James Gunn
vs. } No. 69,110
Patrick H. McCabe

RESCRIPT

March 8, 1927

CAPOTOSTO, J. In an action for money had and received the jury returned a verdict for the plaintiff in the sum of $2326.37. The defendant complains that the damages are excessive.

The defendant, a shrewd and calculating man, ran a moderate price boarding house. The plaintiff, illiterate and of sub-normal mentality, went to live with him some time prior to August 10, 1918. Following an illness which required treatment at the Memorial Hospital in Pawtucket, the plaintiff, after some talk with the defendant, signed by mark an assignment of his wages to the defendant. This assignment was renewed from time to time so that between August 10, 1918, and July 3, 1926, the defendant collected all the plaintiff's wages for a total amount of $7245.66.

During this period the plaintiff not only lived with the defendant but

made himself generally useful around the premises. After a day's work at the mill, the plaintiff spent at least a portion of his spare time scrubbing or sweeping floors, washing dishes, chopping wood or peeling potatoes. On more than one occasion when he asked the defendant for some money, he was told to go to his room in language and conduct more forceful than polite. The defendant accounts for his brusque manner by saying that the plaintiff was under the influence of liquor. In view of the plaintiff's lack of funds the source of supply of any intoxicants used by the plaintiff, if any, while undisclosed by the evidence might reasonably be suspected.

The defendant attempted to meet the plaintiff's claim by producing a series of receipts prepared by the defendant himself and said to have been signed with a cross by the plaintiff in the presence of either the defendant's son or some other boarder. The preparation, scope and execution of these receipts, considered in the light of the plaintiff's mentality, raise a serious doubt as to their validity. In the interest of justice they may be dismissed from further consideration without other comment.

The defendant charged not less than $7 and not more than $10 for board and room at various times during the period under consideration. Giving the defendant the benefit of every possible doubt as to the rate per week and the length of time to be charged against the plaintiff, we find the plaintiff owing the defendant for board and lodging for eight years and four months, that is, 432 weeks at $10 a week, or $4320. If we add to this the sum of $578.98, claimed by the defendant to have been expended for the plaintiff in various ways, we reach a total indebtedness of $4898.98. The defendant's suggestion that he advanced money to the plaintiff in varying sums may be disregarded for two reasons: first, the evidence is so indefinite upon this point as not to warrant any definite conclusion; second, even if the defendant did give the plaintiff a dollar or so from time to time, he is amply recompensed by the plaintiff being charged at the highest rate for board and lodging which the defendant received at any time and from anyone.

The defendant acknowledged receiving $7245.66 which the plaintiff had earned in wages. As the result of a liberal estimate the plaintiff owes him $4898.98. The difference between these two sums, or $2346.68, in all fairness belongs to the plaintiff.

The jury returned a verdict for $2326.37, which is within $20 of the amount computed by the Court. The decision of the jury is sound in judgment, supported by the weight of the evidence, and does practical justice between the parties.

Motion for new trial denied.

For Plaintiff: Gertrude Friedman and J. J. McCabe.

For Defendant: Francis B. Condon.